ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 01 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORIGA
ATLANTA DIVISION

| | | |
|---|---|---|
| OMIX-ADA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE **RWS** |
| | ) | NO: 1:10-CV-1682 |
| v. | ) | |
| | ) | JURY DEMANDED |
| OLYMPIC 4X4 PRODUCTS, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

OMIX-ADA, Inc., (herein "Plaintiff" or "OMIX") hereby files its Complaint against Olympic 4x4 Products ("Defendant" or "Olympic") as follows:

### NATURE OF THE ACTION

1.

This is an action for patent infringement, arising out of Olympic's infringement of a United States patent relating to modular reconfigurable bumper systems for off road vehicles.

1

2.

Specifically, this Complaint asserts claims against Olympic arising from its infringement of U.S. Patent No. 7,703,834, issued on April 27, 2010, and entitled "MODULAR BUMPER SYSTEM" (the "'834 Patent"). A true and correct copy of the '834 Patent is attached hereto as Exhibit A.

3.

OMIX seeks injunctive relief, money damages, costs, and attorneys' fees arising from Olympic's infringement of the '834 Patent and violation of the United States Patent Act, 35 U.S.C. § 101 *et seq.* (the "Patent Act").

**THE PARTIES, JURISDICTION AND VENUE**

4.

OMIX is a corporation organized and existing under the laws of the State of Georgia. OMIX's principal place of business is located within this District.

5.

Upon information and belief, Olympic is a corporation organized and existing under the laws of the State of California with its principal place of business located at 2645 S. Yates Avenue, City of Commerce, California 90040-2621.

6.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and/or 1338.

7.

This Court has personal jurisdiction over Olympic pursuant to O.C.G.A. § 9-10-91, because, upon information and belief, Olympic conducts substantial business activity in the State of Georgia and in this judicial district, and has offered for sale, sold, and distributed its infringing products in the State of Georgia and in this Judicial District.

8.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

**FACTUAL BACKGROUND**

9.

OMIX is the owner by assignment of all right, title and interest in the '834 Patent.

10.

OMIX owned the '834 Patent throughout the period of Olympic's infringing acts and still owns the '834 Patent.

11.

The '834 Patent describes and claims, among other things, a modular bumper system for a vehicle.

## THE INFRINGING PRODUCTS

12.

Olympic uses, manufactures, distributes, markets, offers for sale, and sells within the United States bumper systems that infringe one or more claims of the '834 Patent, said bumper systems including Olympic's "SWITCHBACK," "SWITCHBACK, SMUGGLER," and or "SMUGGLER" Bumper (hereinafter "Olympic's Bumper").

13.

Olympic's Bumper includes each limitation set forth in at least one claim of the '834 Patent.

14.

Olympic does not have a license or other authorization to practice the invention claimed in the '834 Patent in violation of 35 U.S.C. § 271.

## COUNT I: PATENT INFRINGEMENT – U.S. PATENT NO. 7,703,834

15.

OMIX incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1-14 above.

16.

Olympic has made, used, offered for sale, and/or sold in interstate commerce, without authorization, consent or permission of OMIX, products, including Olympic's Bumper, that fall within the scope of at least one claim of the '834 Patent, thereby infringing the '834 patent in violation of 35 U.S.C. § 271.

17.

OMIX has suffered damages as a direct and proximate result of Olympic's infringement of the '834 Patent.

18.

Olympic's infringement of the '834 Patent has caused and will continue to cause, damage and irreparable harm to OMIX unless Olympic's continuing infringing activities are enjoined by this Court.

19.

OMIX has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court award the following relief:

(1) That the Court enter judgment in favor of OMIX and against Olympic for infringement of the '834 Patent;

(2) That the Court preliminarily and permanently enjoin Olympic and its officers, directors, agents, employees, subsidiaries, representatives and assigns, and all persons in active concert with them, from directly or indirectly infringing, in any manner, OMIX's exclusive rights in the '834 Patent, and from inducing, aiding, causing or materially contributing to any such infringement;

(3) That the Court award damages to OMIX in an amount to be proven at trial for infringement of the '834 Patent, including interest from the date of first infringement, and that the court increase the damages up to three times the amount found or assessed, all pursuant to 35 U.S.C. §284;

(4) In the event the evidence demonstrates willful infringement or other grounds for a determination that this is an "exceptional case," that the

6

Court award to OMIX the payment of its reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

(5) That the Court tax Olympic with all costs of this action; and

(6) That the Court award such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

This 1st day of June, 2010.

William M. Ragland, Jr.
Georgia Bar No. 591888
Matthew L. Jamison
State Bar No. 142525

WOMBLE CARLYLE SANDRIDGE &
RICE, PLLC
271 17th Street NW
Suite 2400
Atlanta, Georgia 30363
Telephone: (404) 872-7000
Facsimile: (404) 888-7492
wragland@wcsr.com
mjamison@wcsr.com

*Attorneys for Plaintiff OMIX-ADA, Inc.*